UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TARIQ WYATT,** : | |
| Plaintiff : | CIV. ACTION NO. 1:23-CV-1457 |
| v. : | (JUDGE MANNION) |
| **C.O. WEST,** *et al.,* : | |
| Defendants : | |

### MEMORANDUM

Presently before the court in this prisoner civil rights case is defendants' motion to dismiss, which the court has previously converted to a motion for summary judgment with respect to the issue of whether plaintiff exhausted administrative remedies prior to filing this case. For the reasons set forth below, defendants will be granted summary judgment based on plaintiff's failure to exhaust and this case will be closed.

**I.  BACKGROUND**

Plaintiff, Tariq Wyatt, is currently incarcerated in Benner Township State Correctional Institution ("SCI-Benner Township") but was incarcerated in Mahanoy State Correctional Institution ("SCI-Mahanoy") at all relevant times. He filed the instant lawsuit under 42 U.S.C. §1983 on August 27,

2023,[1] alleging civil rights violations arising out of a purported pattern of harassment by defendant West, a correctional officer in SCI-Mahanoy. (*See* Doc. 1). He also alleges several other civil rights violations during his time in SCI-Mahanoy, though the nature of these claims and whether they are factually connected to the alleged pattern of harassment by West are somewhat unclear from the allegations in the complaint. (*See id.*)

Defendants moved to dismiss the complaint on January 8, 2024, and, after being granted an extension of time, filed a brief in support of the motion on February 16, 2024. (Docs. 14, 21). Defendants argue dismissal is appropriate because Wyatt failed to exhaust administrative remedies prior to filing suit and because his claims fail to state a claim upon which relief may be granted. (Doc. 21). Defendants alternatively move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (*Id.*) Wyatt opposed the motion on March 19, 2024. (Doc. 24).

On April 4, 2024, the court issued an order in which it noted that defendants' exhaustion argument would require consideration of matters outside of the pleadings that could not properly be considered on a motion to dismiss. (Doc. 25). The court accordingly converted the motion to a motion

---

[1] The complaint is deemed filed on the date it was submitted to prison officials pursuant to the prisoner mailbox rule. *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011).

for summary judgment pursuant to Federal Rule of Civil Procedure 56 to the extent the motion asserted failure to exhaust administrative remedies and directed the parties to file statements of material facts and supplemental briefs in connection with the motion for summary judgment. (*Id.*) Defendants filed a statement of material facts and a supplemental brief on May 10, 2024. (Docs. 29-30). Wyatt filed a supplemental brief on May 24, 2024, and a response to the statement of material facts on July 5, 2024. (Docs. 32, 34). The motion is now ripe for the court's review.

## II.    STANDARD OF REVIEW

### A.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In resolving a motion to dismiss, the court thus conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, the court separates the factual elements from the legal elements and disregards the legal conclusions. *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### B. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge that burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

III. **MATERIAL FACTS**[2]

Wyatt filed his complaint on August 27, 2023. (Doc. 29 ¶ 1; Doc. 34 ¶ 1). Wyatt did not exhaust administrative remedies prior to that date. (Doc. 29 ¶ 2; Doc. 34 ¶ 2). He contends that he fully exhausted administrative remedies after filing the complaint on August 27, 2023. (Doc. 34 ¶ 2).

IV. **DISCUSSION**

Under the Prison Litigation Reform Act ("PLRA"), prisoners complaining about the conditions of their confinement must exhaust available administrative remedies before they may file suit in federal court. 42 U.S.C. §1997e(a). The PLRA requires proper exhaustion, meaning plaintiffs must administratively grieve their claims in accordance with the procedural rules of the prison in which they are incarcerated. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Failure to exhaust administrative remedies is an

---

[2] Local Rule 56.1 requires a motion for summary judgment to "be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried" and requires that the party opposing a motion for summary judgment file a statement responding to the numbered paragraphs in the movant's statement of material facts, which "shall include references to the parts of the record" that support the nonmovant's opposition to the motion. M.D. Pa. L.R. 56.1. The facts in this section are derived from the parties' Rule 56.1 statements. (Docs. 29, 34).

affirmative defense that defendants must plead and prove; it is not a pleading requirement for plaintiffs. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

A prisoner is only required to exhaust administrative remedies that are "available." *Rinaldi v. United States*, 904 F.3d 257, 268 (2018) (citing *Woodford*, 548 U.S. at 93). An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 266-67 (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)). If defendants establish failure to exhaust administrative remedies, the burden shifts to the plaintiff to show that the administrative remedy process was unavailable. *Id.* at 268.

Exhaustion of administrative remedies must be completed before a plaintiff files suit in federal court. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until* such administrative remedies as are available are

exhausted." (emphasis added)); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002) (holding that "the filing of a suit before administrative exhaustion" does not constitute substantial compliance with a prison's grievance process that could result in administrative remedies being deemed exhausted).

Numerous panels of the United States Court of Appeals for the Third Circuit have held that completing an administrative grievance process *after* the filing of a complaint in federal court does not constitute exhaustion of administrative remedies under the PLRA. *See, e.g.*, *Washington v. Gilmore*, 852 F. App'x 639, 641 (3d Cir. 2021); *Jenkins v. Dancha*, 723 F. App'x 174, 175 (3d Cir. 2018); *Turner v. Sec'y Pa. Dep't of Corrs.*, 683 F. App'x 180, 182 n.1 (3d Cir. 2017); *Victor v. Lawler*, 565 F. App'x 129, 130 (3d Cir. 2014); *Wallace v. Miller*, 544 F. App'x 40, 42 (3d Cir. 2013); *Rowann v. Coleman*, 481 F. App'x 44, 46 (3d Cir. 2012); *Sharpe v. Medina*, 450 F. App'x 109, 112 (3d Cir. 2011); *Toney v. Bledsoe*, 427 F. App'x 74, 77 (3d Cir. 2011); *Nifas v. Beard*, 374 F. App'x 241, 245 (3d Cir. 2010); *Lockett v. DeRose*, 355 F. App'x 582, 584 (3d Cir. 2009); *Austin v. Beard*, 351 F. App'x 780, 783 n.3 (3d Cir. 2009); *Panton v. BOP*, 281 F. App'x 113, 115-16 (3d Cir. 2008); *Banks v. Roberts*, 251 F. App'x 774, 776 (3d Cir. 2007); *Roscoe v. Dobson*, 248 F. App'x 440, 442 (3d Cir. 2007); *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006). As one panel of the court of appeals recognized,

completion of a grievance process after the plaintiff has already filed suit in federal court "defeats 'the basic purpose of the grievance filing mechanism, which is to notify officials of a problem and provide an opportunity for efficient correction.'" *Victor*, 565 F. App'x at 130 (quoting *Small v. Camden County*, 728 F.3d 265, 273 (3d Cir. 2013)).[3]

In this case, Wyatt acknowledges that he did not complete the DOC's grievance process for any of his claims prior to filing this case. (*See* Doc. 29 ¶ 2; Doc. 34 ¶ 2). He has accordingly failed to exhaust administrative

---

[3] Contrary to these cases, the Third Circuit suggested in dicta in *Garrett v. Wexford Health*, that complaints filed before the completion of exhaustion may be dismissed without prejudice and reinstated upon the completion of exhaustion. *See Garrett v. Wexford Health*, 938 F.3d 69, 81 n.16 (3d Cir. 2019). This procedure appears to run contrary to the plain language of the PLRA and the Third Circuit's holding in *Ahmed*. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until* such administrative remedies as are available are exhausted." (emphasis added)); *Ahmed*, 297 F.3d at 210 (holding that "the filing of a suit before administrative exhaustion" does not constitute substantial compliance with a prison's grievance process that could result in administrative remedies being deemed exhausted). Furthermore, as the *Victor* court noted, allowing a plaintiff to file a complaint before he completes the exhaustion process defeats the basic purpose of the PLRA's exhaustion requirement because it denies prisons the opportunity to efficiently resolve issues before any litigation is necessary. *See Victor*, 565 F. App'x at 130. The court accordingly follows the plain language of the PLRA, the Third Circuit's precedential decision in *Ahmed*, and the numerous nonprecedential decisions of the Third Circuit stating that a grievance process must be completed before suit is filed to exhaust administrative remedies and that completion of the grievance process after filing of the case is not sufficient.

remedies, and any steps that he took to complete the grievance process after the filing of this case are irrelevant. *See, e.g.*, *Washington*, 852 F. App'x at 641; *Jenkins*, 723 F. App'x at 175; *Victor*, 565 F. App'x at 130.

Because the record establishes that Wyatt failed to exhaust administrative remedies before filing suit, the burden shifts to him to show that the grievance process was unavailable. *Rinaldi*, 904 F.3d at 268. Wyatt has not met this burden. He vaguely asserts in his complaint that the grievance process was unavailable, (*see* Doc. 1 at 35), but he has not offered any evidence at the summary judgment stage to support this argument and appears to have abandoned it. (*See* Docs. 32, 34). Accordingly, because the record shows that Wyatt failed to exhaust administrative remedies and he has not shown that the grievance process was unavailable, the court will grant summary judgment to defendants and close this case.

## V.   CONCLUSION

For the foregoing reasons, the court will grant defendants' motion for summary judgment on the issue of administrative exhaustion and close this case. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

Dated:   August 29, 2024
23-1457-01