**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TARIQ WYATT,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 1:23-CV-1457** |
| **v.** | : | **(JUDGE MANNION)** |
| **C.O. WEST, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case in which the court previously dismissed plaintiff's complaint without prejudice except to the extent it asserted a due process claim against one defendant and granted plaintiff leave to file an amended complaint. Plaintiff subsequently filed an amended complaint, which defendants have moved to dismiss. For the reasons set forth below, the court will grant the motion to dismiss, dismiss plaintiff's complaint with prejudice except to the extent that it asserts a due process claim against defendant Wiederhold, dismiss the due process claim against Wiederhold without prejudice, and grant plaintiff leave to file a second amended complaint limited solely to that claim.

### I. BACKGROUND

Plaintiff, Tariq Wyatt, is currently incarcerated in Benner Township State Correctional Institution ("SCI-Benner Township") but was incarcerated

in Mahanoy State Correctional Institution ("SCI-Mahanoy") at all relevant times. He filed this case on August 27, 2023.[1] Wyatt's complaint asserted numerous claims arising from a purported pattern of harassment by defendant West, a correctional office in SCI-Mahanoy.

Defendants moved to dismiss the complaint on January 8, 2024, arguing that dismissal was appropriate both because Wyatt failed to exhaust administrative remedies and because his complaint failed to state a claim upon which relief could be granted. (Doc. 14). On April 4, 2024, the court issued an order in which it noted that defendants' exhaustion argument would require consideration of matters outside of the pleadings that could not properly be considered on a motion to dismiss. (Doc. 25). The court accordingly converted the motion to a motion for summary judgment to the extent it asserted failure to exhaust administrative remedies and directed the parties to file statements of material facts and supplemental briefs in connection with the motion for summary judgment. (*Id.*)

After considering the parties' supplemental submissions, the court granted defendants summary judgment on the issue of failure to exhaust administrative remedies on August 29, 2024, and accordingly did not reach

---

[1] The complaint is deemed filed on the date it was submitted to prison officials pursuant to the prisoner mailbox rule. *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011).

defendants' other arguments for dismissal. (Docs. 35-36). Wyatt appealed, (Doc. 40), and the United States Court of Appeals for the Third Circuit vacated the court's judgment and remanded the case for further proceedings on February 2, 2026. (Doc. 49).

On remand, this court reopened the case and gave the parties an opportunity to submit supplemental briefs addressing the arguments for dismissal that the court did not reach in its original ruling. (Doc. 50). After neither party submitted additional briefing, the court granted the motion in all respects except to the extent that the complaint asserted a due process claim against defendant Wiederhold on May 20, 2026. (Docs. 54-55).

In its memorandum opinion, the court reasoned that Wyatt's complaint: (1) failed to state a First Amendment access to courts claim because it failed to allege any actual injury to his access to courts; (2) failed to state a First Amendment retaliation claim because it failed to allege that Wyatt engaged in protected conduct or that there was a causal connection between his conduct and defendants' allegedly retaliatory actions; (3) failed to state an Eighth Amendment deliberate indifference claim based on Wyatt's mental health treatment because it did not allege any sustained failure to provide mental health care; (4) failed to state an Eighth Amendment deliberate indifference claim based on the failure to provide Wyatt with an inhaler

because it was not clear from the complaint that he had a serious medical need for an inhaler; (5) failed to state an Eighth Amendment conditions of confinement claim because the alleged actions of denial of a pillow for four days and verbal harassment simply did not amount to Eighth Amendment violations; and (6) failed to state claims for violation of the Americans with Disabilities Act or Rehabilitation Act because it failed to allege that Wyatt was denied mental health care. (Doc. 54 at 15-22). The court allowed the due process claim against Wiederhold to proceed because defendants had not sought dismissal of that claim. (*Id.* at 14 n.6). The court granted Wyatt leave to file an amended complaint no later than June 22, 2026.[2] Wyatt timely filed his amended complaint on June 14, 2026, and the court received and docketed it on June 22, 2026. (Doc. 57).

Wyatt's amended complaint contains no factual support for his claims. (*Id.*) Instead, he simply states the elements of his claims in a conclusory, threadbare manner. (*See, e.g.*, *id.* ¶1 ("Plaintiff is alleging that Defendant C.O. West, knowing that plaintiff is a mentally ill inmate did cause and continue to intentionally inflict emotional and mental trauma on plaintiff, and

[2] The court granted Wyatt thirty days to file an amended complaint. This period would have ended on June 19, 2026, but it was automatically extended to June 22, 2026, because June 19, 2026 is a federal holiday, June 20, 2026 was a Saturday, and June 21, 2026 was a Sunday. *See* Fed. R. Civ. P. 6(a)(1)(B).

did retaliate on plaintiff for exercising his constitutional rights to free speech when he told psych. Staff about the defendant's behavior, and also writing bogus tickets as retaliation which caused plaintiff to be disciplined and endure 'atypical and significant hardship…'"); *id.* ¶5 ("Plaintiff alleges defendant C. Toms RN also conspired to withhold plaintiff's inhaler, in retaliation for previous grievances and lawsuits.").

Defendants moved to dismiss the second amended complaint based on the complete absence of factual allegations on July 15, 2026, and filed a brief in support of the motion on July 29, 2026. (Docs. 58-59). Wyatt opposed the motion on August 10, 2026, and August 24, 2026. (Docs. 60-61). Defendants have not filed a reply brief and the deadline for doing so has expired under the local rules. Accordingly, the motion to dismiss is ripe for review.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210 (3d Cir. 2009 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In resolving a motion to dismiss, the court thus conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, the court separates the factual elements from the legal elements and disregards the legal conclusions. *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. Discussion

Defendants seek dismissal of all of Wyatt's claims for failure to state a claim upon which relief may be granted because of a complete absence of factual allegations in the amended complaint. (Docs. 58-59). Wyatt argues that "detailed allegations are not required" under *Twombly*. (Doc. 61 at 2). Wyatt argues that there is no need to "waste time addressing each allegation" because he "has stated claims against each defendant individually." (*Id.*)

Wyatt misunderstands the pleading standards under Rule 8 as interpreted by *Twombly* and *Iqbal*. Although he is correct that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* That is exactly what Wyatt's amended complaint offers. There are no factual allegations in the amended complaint. Instead, Wyatt simply makes conclusory statements that defendants are liable for the claims he advanced in his original complaint

with no factual support. This is plainly insufficient to satisfy the pleading standards of Rule 8 or to cure the deficiencies this court previously identified in his claims. Accordingly, the court will dismiss the amended complaint for failure to state a claim upon which relief may be granted.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245.

The court will grant Wyatt leave to file a second amended complaint solely with respect to his due process against defendant Wiederhold. Although Wyatt's claim against Wiederhold in the amended complaint is subject to dismissal for the same reasons as the other claims in the amended complaint, the court previously allowed the claim against Wiederhold to proceed because defendants had not moved to dismiss it in the original complaint. (*See* Doc. 54 at 14 n.6). In light of the court's previous ruling, Wyatt may have believed that a conclusory statement of the claim against Wiederhold was all that was required to preserve the claim. This is incorrect. The amended complaint superseded the original and rendered it a illegal nullity, *see Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), thus making the conclusory statement in the amended complaint the operative

claim against Wiederhold rather than the detailed statement of the claim that was included in the original complaint. Nevertheless, given that Wyatt is proceeding *pro se*, the court will give him one final opportunity to amend the due process claim against Wiederhold given that he has previously stated the claim adequately in this litigation.

Leave to amend will be denied as futile with respect to all other defendants. Wyatt has had multiple opportunities to state a claim upon which relief may be granted against these defendants, but has failed to do so.

## IV. CONCLUSION

For the foregoing reasons, the court will grant defendants' motion to dismiss, dismiss plaintiff's due process claim against defendant Wiederhold without prejudice, dismiss all other claims in the case with prejudice, and grant plaintiff leave to file a second amended complaint solely with respect to the due process claim against Wiederhold. An appropriate order shall issue.

s/ Malachy E. Mannion
**Malachy E. Mannion**
**United States District Judge**

**Dated: October 20, 2026**
23-1457-03